FILED

OCT 14 2021

OFFICE OF THE BANKRUPTCY CLERK
SYRACUSE, NY

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In re:

Walter Joseph Regan

          Debtor.

Case No. 18-31694
Chapter 7

---

**Decision and Order on Debtor's Motion to Remove the Trustee**

*I.   Introduction and Background*

On July 21, 2021, Walter Joseph Regan ("Debtor") filed a Petition for Redress of Grievances and Objection to Motion for Relief of Stay (the "Objection" at Doc. No. 112) in response to the Motion for Relief from Stay filed by Stephanie A. Hon ("Ms. Hon")[1] (the "Motion for Relief" at Doc. No. 99). In the Objection, Debtor requested that the court exercise its power under 11 U.S.C. § 324(a) to remove William J. Leberman, Esq. as the Chapter 7 Trustee (the "Trustee") and appoint an appropriate replacement in this case (the "Removal Request;" *See* Objection at ¶ 19). At the initial hearing on the Motion for Relief held on July 8, 2021, the court, with the Trustee present, elected to consider Debtor's Removal Request *sua sponte*.[2] At the conclusion of the hearing, all parties were provided additional time to submit briefing, responses and a reply pursuant to Text Order dated July 8, 2021 (the "July 8 Text Order" at Doc. No. 113).

In accordance with the July 8 Text Order, the following documents were filed:

August 3, 2021: Reply of Chapter 7 Trustee in Opposition to Debtor's Request for Removal (the "Trustee's Reply" at Doc. No.116);

---

[1] Ms. Hon is Debtor's estranged wife.
[2] The court noted that, while the Objection contained an extensive list of grievances, the only two bankruptcy matters under consideration were the Removal Request and the Motion for Relief.

1

August 4, 2021: United States Trustee's Response to the Debtor's Request to Remove Trustee (the "UST Response" at Doc. No. 118);

August 8, 2021: Debtor's letter request for Time Extension (the "Debtor's Letter Request" at Doc. No. 119), which was granted by the court pursuant to Text Order dated August 6, 2021 (the "August 6 Text Order" at Doc. No. 121); and

August 26, 2021: Debtor's Response to the U.S. Trustee's and Chapter 7 Trustee's Objection to the Court's Sua Sponte Consideration for Removal of the Chapter 7 Trustee (the "Debtor's Response" at Doc. No. 125).

On September 16, 2021, the court held a hearing on the Removal Request at which Debtor appeared *pro se*, William J. Leberman appeared as chapter 7 trustee and Erin P. Champion, Esq. appeared on behalf of the United States Trustee. After the United States Trustee noted its standing on the record to participate in any matter involving the efficiency and integrity of the bankruptcy court system, the parties indicated they would stand by their submissions and oral argument was not presented.

*II.    Jurisdiction and Venue*

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334(b).[3] This matter is a core proceeding pursuant to 28 U.S.C § 157 (b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409(a).

*III.    Analysis*

*A.    Debtor's Status as a pro se Litigant and Improper Notice of the Removal Request*

---

[3] An appeal of the Order Holding Debtor in Civil Contempt (the "Contempt Order") in adversary proceeding case number 19-50006 (Doc. No. 96) addressing certain of Debtor's actions involving the Computer (defined herein) is now pending before the Second Circuit after dismissal by the District Court for lack of jurisdiction. This order shall only address the Trustee's actions involving the Computer that serve as the basis for Debtor's Removal Request under Section 324. No determinations pertinent to the pending appeal will be made.

2

Courts have consistently recognized that additional latitude is given to *pro se* debtors and their pleadings are to be liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (internal citations omitted); *Ortiz v. McBride,* 323 F.3d 191, 194 (2d Cir. 2003) (noting submissions from *pro se* litigants should be construed "liberally"). Pro se filings are held to less stringent standards than formal pleadings drafted by lawyers. *Id.*

At the outset, the Trustee objects to the court's consideration of the Removal Request *sua sponte* as it was "made without notice" (*See* Trustee's Reply at ¶ 7). Section 324(a) of the Bankruptcy Code (the "Code"), which governs removal of a Trustee, provides: "The court, **after notice and a hearing,** may remove a trustee, other than the United States Trustee, for cause." 11 U.S.C. § 324(a) (emphasis added). While recognizing Debtor's application failed to comply with the statutory notice requirements, the Trustee was present at the July 8, 2021 hearing, and the court's subsequent scheduling order provided sufficient notice and opportunity for the Trustee (and the United States Trustee) to respond to the Removal Request (*See* July 8 Text Order). Indeed, the Trustee's Reply and the UST Response were timely filed and contained extensive briefing in opposition to that request. As a result, the court overrules any objection based on improper notice.

*B.    Trustee Removal*

As noted above, Section 324 of the Code provides the basis for the removal of a trustee for cause. Cause is not defined by the Code and must be determined on *an ad hoc* basis. *In re Lundborg,* 110 B.R. 106, 108 (Bankr. D. Conn. 1990). It requires a strong showing. *In re Carla Leather,* Inc. 44 B.R. 457, 473 (Bankr. S.D.N.Y. 1984). Notably, the Second Circuit has determined that cause requires a showing of fraud and actual injury to the debtor's interest. (*See In re Haworth,* 356 F. App'x 529, 530 (2d Cir. 2009) holding that even if the trustee acted improperly, absent fraud or actual injury to the debtor's interest, there was no cause for removal).

3

Cause may also include "trustee incompetence, violation of fiduciary duties, misconduct, or failure to perform trustee's duties, or lack of disinterestedness or holding an interest adverse to the estate." *In re AFI Holding, Inc.*, 530 F.3d 832, 845 (9th Cir. 2008). It must be demonstrated through specific facts and the moving party bears the burden to prove them. *Id.* Unsupported allegations that the Trustee made false statements and material omissions are plainly insufficient. *Holzer v. Barnard*, 2016 U.S. Dist. Lexis 98175 (E.D.N.Y. 2016).

When analyzing trustee conduct, courts give great deference to a trustee's business judgment. *In re Kerner*, 599 B.R. 751, 756 (Bankr. S.D.N.Y. 2019) ("The trustee is given a substantial degree of discretion in deciding how best to administer the estate committed to his care and his actions are measured by a business judgment standard"). Moreover, courts "will not entertain objections to the trustee's management of the debtor's estate where the trustee's conduct involves [her] good faith business judgment, is made on a reasonable basis, and is within the scope of the trustee's authority under the Code." *In re Belmonte*, 524 B.R. 17, 29 (Bankr. E.D.N.Y. 2015) (quoting *In re Taub,* 441 B.R. 211, 216 (Bankr. E.D.N.Y. 2010)). A trustee should not be removed for "mistakes in judgment where that judgment was discretionary and reasonable under the circumstances." *In re Bennett*, 2007 Bankr. Lexis 2970 at 29 (Bankr. N.D.N.Y. 2007), (quoting *In re Lundborg* at 108). Thus, "if a decision not to pursue an action ... falls within the scope of the trustee's business judgment, the court should not consider removing the trustee, because the same decision cannot simultaneously be both a proper exercise of the trustee's discretion and cause for removal." *Consolidated Industries*, 330 B.R. 715 (Bank. N.D. Ind. 2005).

Finally, removal is reserved for explicit instances where "the administration of the estate in bankruptcy would suffer more from the discord created by the present trustee than would be suffered from a change in administration." *Maiman v. Spizz (In re Ampal-American Isr. Corp)*,

4

554 B.R. 604, 624 (S.D.N.Y. 2016) aff'd, 691 F. App'x 12 (2d Cir. 2017) (quoting *Freeport Italian Bakery, Inc.*, 340 F.2d at 55).

(a) *Facts alleged supporting removal*

In the Removal Request and Debtor's Response, Debtor presents numerous grievances he submits warrant removal of the Trustee. When condensed, Debtor's assertions fall in essentially the following categories: (1) the Trustee knowingly accessed Debtor's iMac computer (the "Computer") through hacked entry and without Debtor's authorization; (2) the Trustee colluded with Ithaca Counsel[4]; and (3) the Trustee failed to preserve property of the estate. The Computer access and collusion claims stem from Debtor's allegation that the Trustee lacked authority to review confidential documentation and other material from the Computer but did so with the assistance of Ithaca Counsel (*See*, eg. Objection at ¶¶ 28-29). Debtor's claims regarding lack of preservation of estate property arise from the Trustee's alleged failure to safeguard Debtor's Computer, firearms, numerous vehicles, cash, jewelry, tools, furniture, art, 4,500 square foot home and other possessions (*See* Debtor's Response at ¶¶ 26-29).

(i)    *The Computer access and alleged collusion*

In order to determine if the Trustee violated his duties or otherwise acted inappropriately in this case, the court must begin with a review of his statutory obligations. 11 U.S.C. § 704, entitled "duties of trustee," provides in relevant part: (a) The trustee shall - (1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of the parties in interest .... and (4) investigate the financial affairs of the debtor. In investigating the financial affairs of Debtor, the Trustee

---

[4] Debtor's allegations primarily involve Ms. Hon's matrimonial counsel, Thomas Cramer, Esq. at Thaler & Thaler P.C., and bankruptcy counsel, Edward Crossmore, Esq. at the Crossmore Law Office (the "Ithaca Counsel").

5

became aware that the Computer allegedly contained information regarding Debtor's assets and tax returns (*See* February 28, 2019 hearing at Doc. No. 26). As a result, the Trustee accessed the Computer, which Debtor claims was through hacked entry and made without his authorization (*See* Objection at ¶ 28).

The court finds Debtor's argument unpersuasive. The Trustee's access was consistent with his duty to collect property of the estate and investigate Debtor's assets. More importantly, the Computer review was conducted pursuant to this court's[5] Order on Motion for Relief from Stay (the "Stay Relief Order" at Doc. No. 27). To the extent that the Trustee needed additional authorization beyond his investigative authority as trustee, which he did not, the Stay Relief Order clearly granted him access: "ORDERED that Attorney Thomas D. Cramer shall immediately make available to Trustee William J. Leberman, Esq., the computer in his custody for inspection and copying of all information pertinent to the administration of his Chapter 7 estate..." [6] *Id.*

In accordance with his statutory obligations and the authority specifically granted by the court in the Stay Relief Order, the Trustee gained access to the Computer to inspect and copy any available information pertinent to the administration of Debtor's chapter 7 estate. There was no requirement that the Trustee obtain Debtor's permission or passwords prior to said inspection and review. As a result, the Trustee's actions involving Debtor's Computer were authorized, and do not warrant his removal.

The court's direction in the Stay Relief Order similarly refutes Debtor's allegations of collusion between the Trustee and Ithaca Counsel. Recognizing the need for the Trustee to work

---

[5] Order on Motion for Relief from Stay entered by Judge Cangilos-Ruiz on March 1, 2019.

[6] The Trustee's access was in addition to the court's mandate that "the Debtor shall fully cooperate in providing the Trustee through his counsel any and all passwords required to access the information stored on the computer in custody of Attorney Cramer or on any other electronic devices containing information pertinent to estate assets and supplying the Trustee with any combinations required to access estate property located for safekeeping in a storage unit such as a safe"(*See* Stay Relief Order at Doc. No. 27).

6

with Ms. Hon's counsel to gather information necessary to administer the estate, the court required access and disclosure. Moreover, communicating with an estranged spouse's counsel to evaluate available assets does not violate the Trustee's fiduciary obligations. To the contrary, such communications may be required to fulfill his duty to investigate assets under Section 704. This court therefore finds Debtor's claims of Trustee collusion insufficient to justify his removal.

*(ii)    Failure to preserve property of the estate*

Throughout the Removal Request and Debtor's Response, Debtor argues the Trustee failed to properly preserve property of the estate, and specifically identifies the "Computer, firearms, numerous vehicles, cash, jewelry, tools, furniture, art, 4500 square foot home and other possessions" as assets that were not safeguarded (*See* Debtor's Reply at ¶ 15). As discussed above, the Trustee reviewed the available Computer records in accordance with his statutory duties and the Stay Relief Order. The remaining personal property was itemized in Debtor's Chapter 7 Voluntary Petition for Individuals Filing for Bankruptcy and supporting schedules filed to commence this case (collectively the "Petition" at Doc. No. 1). The Petition, which was signed by Debtor under penalty of perjury on October 22, 2018, lists a Toyota Prius, a Chevrolet S-10, a Chevrolet Tahoe, a Cadillac (previously repossessed by Creditor CarMax Auto Financing), firearms, jewelry, tools, furniture and art (*See* Petition at p. 10). Notably, Debtor claimed an exemption in most of those assets, including the Chevrolet S-10, jewelry, tools and furniture thereby preventing administration by the Trustee. Consequently, the Trustee never had any interest in or obligation to preserve them. *In re Ward*, 595 B.R. 127, 146–47 (Bankr. E.D.N.Y. 2018) (holding exempt property in a chapter 7 case remains with the debtor and is not administered by the trustee).

The Chevrolet Tahoe was turned over to Ms. Hon pursuant to an order issued by Judge Cassidy in the matrimonial action pending between Debtor and Ms. Hon in the Tompkins County Supreme Court. That transfer of title to that vehicle was further authorized and directed pursuant to this court's Stay Relief Order (*See* Stay Relief Order at ¶ 6).

The remaining non-exempt personal property, consisting of a Toyota Prius (valued by Debtor at $1,000), firearms (valued at $2,000) and art (valued at $2,000) were not administered by the Trustee. Given the nature of those items and the costs associated with their sale, the Trustee concluded there was no benefit to the estate in liquidating them (*See* Trustee's Report). The court does not find this determination was an unreasonable exercise of business judgment or breach of the Trustee's duty to preserve, or otherwise administer, those *de minimis* assets.

Debtor similarly asserts that the Trustee failed to preserve cash (allegedly $25,000) and the "4500 square foot home," which was Debtor's former residence at 51 Tiger Lily Lane, Lansing New York (the "Property") (*See* Debtor's Reply at ¶ 15). The Trustee filed an adversary complaint in this case against Debtor's spouse and the co-owner, Ms. Hon, seeking approval to sell both her and the bankruptcy estate's interests in that Property pursuant to 11 U.S.C. § 363(h). (*See* Adv. Proc. 19-50014 at Doc. No. 1). After Ms. Hon interposed an answer with several affirmative defenses (Adv. Proc. 19-50014 at Doc. No. 8), the Trustee filed a Motion by Chapter 7 Trustee for Order Approving Stipulation of Settlement of Adversary Proceeding which required a $30,000 payment from Ms. Hon to the estate along with a reduction in her filed proof of claim for domestic support (*See* Adv. Proc. 19-50014 at Doc. No. 27). Debtor objected to that settlement and the court denied its approval on March 25, 2021. As a result, the Trustee moved to abandon the estate's interest in the Property pursuant to 11 U.S.C. § 554, which abandonment was granted by

the court on March 26, 2021 (the "March 26 Text Order" at Doc. No. 94)[7]. This record of the Trustee's efforts to liquidate the equity in the Property clearly refutes Debtor's claims that the Trustee failed to properly administer it as an estate asset.

Lastly, the Trustee knew of the alleged $25,000 cash based on Debtor's disclosure in the Petition but concluded it was not recoverable.[8] As he certified in the Trustee's Report: "I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law" (*See* Trustee Report dated April 2, 2021). Thus, the Trustee was aware of the purported funds and determined they were not available or non-existent.

In light of the substantial degree of discretion given to a Trustee in administering assets of an estate, the court concludes Debtor has failed to establish the Trustee neglected or breached his statutory obligations in this case. The record lacks support for Debtor's contentions that the Trustee improperly performed his duties or that his actions violated a reasonable business judgment standard. Moreover, the court finds, just as in *Haworth*, that even if Debtor established that the Trustee's actions were improper, Debtor did not establish that they amounted to fraud or caused actual injury to Debtor's estate. *See In re Haworth*, 356 F. App'x 529, 530 (2d Cir. 2009). No substantiated showing has been made to support any such conclusions.

As a practical matter, even assuming, *arguendo*, the court found cause under Section 324(a), the removal of the Trustee at this late juncture would not result in any benefit to the estate. The administration of the estate would not "suffer more" by retaining the present trustee than

---

[7] Notably, the March 26 Text Order provided: "Upon abandonment of the estate's interest in the Property, that interest reverts to the debtor. Debtor is free to invoke his interest in the Property as part of the ongoing negotiations to pursue or preserve the Property."

[8] The record contains various references to $25,000 cash that was allegedly held in one of several safes in the Property. By Debtor's own admission, he was restricted from the Property for approximately two years due to the matrimonial action and an order of protection. (*See* Adv. Proc. 19-50014, Doc. No. 38 pp. 4-5).

would be suffered from a change in administration. *In re Ampal-Am. Isreal Corp.*, 554 B.R. 604, 624 (S.D.N.Y 2016), affd, 691 F. App'x 12 (2d Cir. 2017) (quoting *Freeport Italian Bakery, Inc.* 340 F.2d at 55). The record demonstrates that the Trustee's Report was filed on April 2, 2021, and therefore the Trustee's duties are concluded. Debtor's case has been fully administered and there is no further action to be taken by Trustee Leberman or any successor trustee if one was appointed. Accordingly, removal and replacement is unwarranted.

IV.    *Conclusion*

Removal of the Trustee for cause under 11 U.S.C. § 324(a) requires a strong showing and sets a high bar which Debtor did not meet. The court has carefully considered Debtor's allegations regarding the Trustee's actions and the record in this case and concludes Debtor has failed to satisfy his burden to demonstrate grounds for removal exist. Accordingly, Debtor's Motion to Remove the Trustee is denied.[9]

So Ordered.

DATED:    October 14, 2021
          Syracuse, New York

Wendy A. Kinsella
United States Bankruptcy Judge

---

[9] The court notes Debtor's numerous filings in various tribunals and agencies throughout New York State, alleging violations of due process rights and instances of misconduct and fraud by actors other than the Trustee. This decision is limited to an analysis of the Trustee's actions in this case under section 324(a), and the court makes no findings regarding Debtor's claims in any other proceeding.